The opinion of the court was delivered by
DeBlanc, J.
The heirs of R. W. Daugherty sue to dissolve, for nonpayment of the price, a sale of five mules, made by him to S. W. Vance, whose succession is herein represented by the executrix of his last will. As a protection to their alleged right, they have obtained from the lower •court an order commanding the sequestration of the mules which they •claim. Their application to have them sequestered is based on the ground of fear that — during the pendency of their suit — defendant may part with or dispose of them, and thereby defeat their right of recovery. It is admitted that plaintiffs’ only fear was that the mules might be sold by the executrix under an order of court to pay the debts of Vance’s •succession.
Defendant’s counsel moved to dissolve the sequestration, because:
I. Plaintiffs do not allege that they are the owners of, or that they have a privilege on the mules.
2. Their remedy for the preservation of any rights they may have against defendant, as executrix, on account of said mules, is upon her bond, or by an action to force her to give bond.
Defendant also filed an exception, in which she prays that plaintiffs’ suit be dismissed, for the reason that, as required by law, their names *1247 and surnames are not mentioned in their petition. That exception was sustained, the sequestration dissolved, and plaintiffs who — before that dissolution — had offered to amend their original petition by giving their Christian names, were allowed to do so after the dissolution.
The exception was improperly sustained: the correct initials of every Christian name preceded that of the family, and — in their petition — plaintiffs describe themselves as heirs-at-law of the late R. W. Daugherty, Vance’s vendor. This, however, was not in strict accordance with the letter of the law; but one who urges an exception of misnomer must allege and prove the real Christian name, and that done, the party against whom the exception is filed should be permitted to amend instanter. 12 L. 9 ; 8 L. 298 ; 12 R. 138 ; 3 A. 139. No such allegation or proof was made by defendant. The second ground relied upon for the dissolution of the sequestration is untenable. Plaintiffs are claiming, not the price cf the mules, but the mules themselves, and they were — in no way— interested in compelling the executrix to furnish bond in that capacity. Not only they were not interested in so doing, but — had they pursued that course — their right to pursue it would have been successfully contested.
The second question here presented, is: “ Can one who sues to dissolve a sale of personal property, upon which no privilege is claimed, sequester that property in the hands of an executrix, because he fears that she will sell it under an order of court, and to pay the debts of the succession upon which she administers ” ?
Plaintiffe’ action is founded on articles 2561 (2539) 2564 (2542) of the ■Civil Code, which provides :
The first that, “if the buyer does not pay the price, the seller may sue for the dissolution of the sale.”
The other that, “in matters of sale of movable effects, the dissolution of the sale shall take place of right, if demanded, without its being in the power of the Judge to grant any delay, except that fixed by law.”
What is the real object of plaintiffs’ action? To resume the ownership and possession of the things embraced in the sale, the dissolution of which they seek to obtain — and, in such a suit, what would be the effect of a decree in favor of plaintiffs ? Its sole effect would be the dissolution of the violated contract, the recognition of the vendor’s title to the unpaid property, and — in this ease — the restitution of the mules by the legal representatives of the vendee to the legal representatives of the seller. Such an action — it is manifest — is one in revindication.
In their able and exhaustive argument, defendant’s counsel contend that the mandate of sequestration is a harsh remedy, which should not be resorted to against parties who contemplate no wrongful act, or against those whose acknowledged purpose is to strictly follow the law— *1248 and that, in this suit, the allegations of plaintiffs’ petition do not conform to any section of article 275 of the Code of Practice and did not justify the issuance of the writ.
Those allegations are that the mules were sold, that the price agreed upon was not paid, that they are entitled to recover said mules and fear that, during the pendency of this suit, the defendant may part with, or dispose of them.' The prayer of their petition is that the sale be dissolved “and the possession and ownership of the mules restored to them.”
Those allegations do conform to the 8th section of art 275 of the C. P. which is in these words : “ A sequestration may he ordered in all cases, when one party fears that the other will conceal, part with, or dispose of the movable in his possession, during the pendency of the suit.”
Here, as in France, from whence we derive the most of our Code, there is a difference between the dissolution of the sale of an immovable and that of a movable: as to the latter, if demanded, the dissolution takes place of right, without its being in the power of the judge to grant any delay, whilst as to the former he may; and — according to Marcadé — the reason of that difference is that, in the case of the dissolution of the sale of a movable, the vendor is almost invariably in danger of losing the thing and the price, and could not follow the property in the hands of third parties.'
Marcadé, vol. 6, p. 288; 12, A. 702.
A sequestration is intended to prevent, not merely a wrongful act, but any act — whatever it may be — the result of which would be to remove the sequestered effect from the possession in which it was at the date of the execution of the writ. The article of the C. P. does not qualify the disposal against which it provides, but commands that the effect claimed shall pass from defendant’s possession into that of the sheriff and be there retained to be decreed to him who shall be adjudged entitled to it. C. P. 269.
It is admitted that Nance’s succession is largely indebted, and — from that admission — flows the irresistible inference that — as a legal and unavoidable necessity — its personal property must be sold, and — inasmuch as, though no legal disposition of the property in controversy could be made after the institution of a suit to recover it, the order to sell it may be asked from and unadvisedly granted by another court than that in which the controversy is pending, the apprehension that the executrix would attempt to dispose of it, under even an order of court and to pay the debts of the succession, was — in itself the apprehension of a prohibited and probable disposition of the property.
Under these circumstances, this case presents an exception to the general rule invoked by defendant’s counsel. Had the plaintiffs allowed *1249 the presumed sale to take place, the right which they now claim would have been practically defeated and lost, and as the vendors’ privilege was-not recorded, they could not have claimed, by preference, the proceeds of the sales. Had it been otherwise, had that privilege been recorded, it-might still have been in their interest — as it was their right — to claim their unpaid property and thus avoid all costs, or to claim the price and risk to see the whole of that price applied to debts outranking theirs. We conclude:
1. That, as defendant’s exception did not disclose the Christian names of plaintiffs, and as no proof was offered to show what were those names, the proposed amendment as first rejected and afterwards allowed by the Court, was immaterial and unnecessary.
2. That plaintiffs’ action is one in revindication, to resume the ownership and possession of the mules, and that they had just cause to apprehend that — during the pendency of this suit — defendant would dispose of them.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed, defendant’s exception, overruled, her motion to dissolve the sequestration denied, the sequestration reinstated, and this case remanded to the lower court to be proceeded with according to the views herein expressed, and according to-law.